*Preliminary Examination*

AO 432 (Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | | PAGE NUMBER |
|---|---|---|---|---|---|---|
| 2/12/2008 | 08-24-M | Golden | | | | 1 |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| ATF Agent Jason Kusheba | 9:11am | 9:13am | — | — | Stark |
| | | | | | |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | Yes |

AO 91 (Rev. 12/93) Criminal Complaint

# United States District Court

### DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Complaint |
| v. | |
| MARK TRAVIS | CASE NUMBER: 08- 24-M |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __February 6, 2008__ in __New Castle__ County, in the District of Delaware, defendant did knowingly:

(1) possess with intent to distribute heroin, a Schedule I controlled substance, in violation of Title __21__ United States Code, Section(s) __841(a)(1) and (b)(1)(C)__; and

(2) possess in and affecting interstate commerce a firearm after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title __18__ United States Code, Section(s) __922(g)(1) & 924(a)(2)__; and

(3) possess a firearm in furtherance of a felony drug trafficking crime, in violation of Title __18__ United States Code, Section(s) __924(c)__.

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                        Official Title
on the following facts:

    See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
Jason Kusheba
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__February 7, 2008__      at      __Wilmington, DE__
Date                                               City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer      Signature of Judicial Officer


GOVERNMENT EXHIBIT
1

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms and narcotics offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. During the course of your affiant's law enforcement career, your affiant has also received law enforcement training on narcotics offenses, including offenses that involve heroin. From this training, your affiant has learned the weights, packaging, street values, paraphernalia, and other factors that are indicative of heroin being possessed for purposes of distribution, as opposed to for personal use or other purposes. During the course of your affiant's law enforcement career, your affiant has participated in over twenty searches for heroin, and seizures of heroin. Your Affiant has also participated in numerous investigations of heroin offenses and has had numerous conversations with police officers and Federal agents about the facts and circumstances of narcotics offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and based on conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on February 6, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, Mark Travis, from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Possession of a Deadly Weapon by a Person Prohibited, from on or about February 3, 2005 in the New Castle County Superior Court, in the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. Your affiant learned that on or about February 6, 2007, Detectives from the Wilmington Police Department (WPD) learned from a past proven reliable informant that an individual known as "Jerz" was selling heroin in the area of the 400 block of West 4th Street, Wilmington, DE. The informant specifically stated that the defendant used to live at an apartment building in this area and meets his heroin customers in the parking lot of the apartment complex. The informant also stated that the defendant is known to drive a burgundy Buick Century and provided officers with the defendant's cellular telephone number.

6. On or about the same date, at approximately 2125 hours, an undercover (U/C) WPD Detective made contact with the defendant on his cellular telephone and arranged for the purchase of 2 bundles of heroin. The U/C and the defendant agreed to meet in "the spot" which was believed to be a parking lot of an apartment building in the 400 block of West Street, Wilmington, DE. Following the telephone call, the U/C waited for the defendant in his U/C police vehicle in the parking lot referenced above.

7. On or about the same date, at approximately 2129 hours, a burgundy Buick Century was observed pulling into the above-referenced parking lot by WPD surveillance units. This vehicle parked directly beside the U/C. It was determined that the defendant was in the front passenger seat of the vehicle and an adult female later identified as Nicole Miller was driving. In the back seat of the vehicle was Miller's six year old daughter.

8. As the burgundy Buick Century parked, the defendant began to exit the vehicle. At that time, WPD Officers approached in order to take the defendant into custody. As they approached, the defendant dropped his cell phone and threw an unknown object under the vehicle. Officers then gained control of the defendant and handcuffed him. While being handcuffed, a WPD Detective could see, in plain view, the butt of a firearm and a magazine protruding from underneath the passenger seat of the vehicle. These items were recovered and determined to be a Glock, Model 17, 9mm pistol, serial number EUU100S, and a Scherer, 30 round 9mm magazine containing 8 rounds of 9mm ammunition. Under the vehicle, officers also recovered 2 bundles (26 individual bags) of heroin marked with the stamp "Sweet Dreams".

9. A WPD Detective then verbally advised the defendant of his Miranda rights at the scene. The defendant verbally waived his rights and agreed to answer questions. At that time, the defendant admitted to going to this location for the purpose of selling the U/C heroin. The defendant also admitted to bringing the firearm that was recovered from the vehicle for protection because he did not know who the U/C was.

10. A WPD Detective also verbally advised Miller of her Miranda rights at the scene. Miller also verbally waived her rights and agreed to answer questions. At that time, Miller stated that she knew she was driving the defendant to this location to deal heroin, but she did not know that the defendant had a firearm in the car. Miller advised that she lives at 107 Delmore Place with the defendant and admits that there is more heroin in the closet in her bedroom. Miller then granted WPD detectives consent to search her residence.

11. A WPD Detective again interviewed the defendant regarding the presence of additional heroin at 107 Delmore Place. Initially, the defendant denied the presence of any additional heroin at the residence, but then changed his story and stated that there was approximately 2 grams of bulk heroin present there.

12. On or about the same date, WPD Detectives consensually searched 107 Delmore Place and recovered packaging material for heroin and marijuana, a scale, a "Sweet Dreams" stamp, a "High Octane" stamp, approximately 3.3 grams of bulk heroin, and two more bundles (27 individual bags) of heroin that were not stamped with any markings.

13. From my training and experience and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above-mentioned firearm was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of this firearm in Delaware had affected interstate commerce.

14. Your affiant knows that the above-mentioned seized firearm contains the frame and receiver of a firearm and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

15. Officers told your affiant that they weighed and conducted a narcotics field test of all of the heroin recovered. Your affiant knows that the substance tested positive for heroin and had an approximate total weight of 4.89 grams.

16. Based upon your affiant's training and experience, your affiant knows that the quantity of the heroin seized is more than would be customarily possessed for personal use and that it is consistent with possession for distribution purposes.

17. From my training and experience, your Affiant knows that firearms are used to protect narcotics, and narcotics proceeds, and that the Glock pistol being so close to the cocaine base, and through the defendant's statement, that this firearm was possessed in furtherance of a possession with intent to distribute heroin.

18. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated: Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; Title 21 U.S.C. 841 (a)(1) and (b)(1)(C) by possessing with intent to distribute heroin; and Title 18 U.S.C. Section 924(c) by possessing a firearm in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Jason Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 7th day of February, 2008

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware