AO 472  (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| MARK TRAVIS, | Case Number:  08-24-M |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
   _____ *

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X  for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §§ 841 and 846 _____ .
   X  under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

~~I find that the credible testimony and information submitted at the hearing establishes by~~  ☐ clear and convincing evidence  ☐ a preponderance of the evidence  that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, and the affidavit supporting the complaint and the evidence elicited during the preliminary hearing, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial and that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of possession with intent to distribute heroin, possession of a firearm by a previously-convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. On Feburary 6, 2008, the Defendant, after having previously had contact with a WPD detective acting in an undercover capacity, was driven by his girlfriend to a spot he and the undercover had arranged for the Defendant to sell two bundles of heroin to the undercover. As officers approached the vehicle, the Defendant threw an object under the vehicle in which he had been driven; under the vehicle, officers found two bundles of heroin marked and packaged for sale. They also found under the passenger seat of the vehicle (where Defendant had been sitting) a Glock Model 17 9mm pistol.

the weight of the evidence: is strong. The Court found probable cause following a preliminary hearing. Also, the Defendant admitted at the scene of his arrest that he had come there to sell heroin to the undercover and he had brought along the firearm for protection.

the history and characteristics of the Defendant: the Defendant has been attending college, was employed for about 9 months in 2006 and 2007, and has been active in the lives of his daughters (who reside with their grandmother). However, he has three prior felony convictions, including offenses involving drug distribution and possession of a firearm. He has eight prior capiases and was twice terminated early from probation due to unimprovement. The Defendant also admits to daily use of illegal drugs.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: prior convicted felons possessing
firearms to use in furtherance of distributing illegal drugs pose a substantial danger to the community.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate,
to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a
reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the
Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance
in connection with a court proceeding.

FEBRUARY 12TH, 2008
_____
Date

_____
Signature of Judge

Honorable Leonard P. Stark U.S. Magistrate Judge
_____
Name and Title of Judge

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951
et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).