IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| v. | ) Criminal Action No. 08-38-SLR |
| MARK TRAVIS, | ) ) ) |
| Defendant | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn E. Martyniak, Special Assistant United States Attorney for the District of Delaware, and the defendant, Mark Travis, by and through his attorney, Tony Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with possession with intent to deliver heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The maximum penalties for this charge are twenty (20) years imprisonment, a $1,000,000 fine; lifetime supervised release, and a $100 special assessment.

2. The defendant shall also plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with knowingly carrying a firearm, to wit, a Glock Model 17, 9mm semi-automatic handgun, serial number EVU100US, during and in relation to a drug trafficking offense which may be prosecuted in a Court of the United States (to wit, the knowing possession with intent to deliver heroin, as set forth in Count I of the Indictment) and knowingly possessing said firearm in furtherance of said drug trafficking crime,

all in violation of 18 U.S.C. § 924(c)(1)(A), which carries a maximum sentence of life, including a minimum mandatory penalty of five years, a $250,000 fine, five years supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove all elements of every offense. As to Count I – The Government would have to prove: (1) substance in question was heroin; (2) that on or about February 6, 2008, the defendant possessed the heroin; (4) the defendant possessed the heroin with the intent to distribute the substance. As to Count II – The Government would have to prove: (1) that on or about February 6, 2008, the defendant knowingly possessed a firearm, that is, a Glock, Model 17, 9mm semi-automatic handgun, serial number EVU100US; (2) the defendant carried the firearm during and in relation to the drug trafficking crime (to wit: possession with intent to deliver heroin), and (3) knowingly possessed said firearm in furtherance of said drug trafficking crime.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count II of the Indictment, to wit, a Glock, Model 17, 9mm semi-automatic handgun, serial number EVU100US, seized from him by police on February 6, 2008. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. The defendant understands that the District Court must consider the United States

Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines and the applicable statutory minimum mandatory penalties. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney of the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a three-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate.

7. The defendant agrees to pay a $200 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____       By: _____
Tony Ortiz, Esquire                             Shawn E. Martyniak
Attorney for Defendant                      Special Assistant United States Attorney

_____
Mark Travis
Defendant

Dated:

**AND NOW**, this 30th day of June, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                            _____
                                            Honorable Sue L. Robinson
                                            United States District Judge